Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL CHAVEZ individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMN HOME BUYERS LLC d/b/a INFINITY HOME BUYER EXPRESS<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael Chavez ("Mr. Chavez"), by his undersigned counsel, for this class action complaint against AMN Home Buyers LLC d/b/a Infinity Home Buyer Express ("Defendant" or "Infinity Home") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about

robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Infinity Home to make pre-recorded calls to generate individuals to purchase property from, in alleged violation of the TCPA.

3.      Because calling campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal calls from or on behalf of Defendant.

## II.     PARTIES

4.  Plaintiff is an individual.

5.  Defendant AMN Home Buyers LLC d/b/a Infinity Home Buyer Express is a limited liability company located in this District.

## III.     JURISDICTION AND VENUE

6.  Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7.  Personal Jurisdiction: This Court has personal jurisdiction over Defendant because they reside in this District.

8.  <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal calling at issue—occurred from this District.

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

9.    The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

### B.    Defendant's Unsolicited Pre-Recorded Calling to Plaintiff

12.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.     Plaintiff's cellular telephone number is (830) 612-XXXX.

14.     Mr. Chavez never provided his prior express written consent to receive calls from the Defendant.

15.     Despite this, the Defendant sent him multiple pre-recorded calls, including January 8, 9, February 1, 2, 5, 7 and 9, 2024.

16.     The pre-recorded calls all played the following message:

> Hey, I have been working with my team in regards to a property you are thinking about selling. We actually had some funds become available because we closed a deal this week and we are looking for another property to put those funds into…

17.     The call was clearly pre-recorded because (a) there was a significant pause before the robot started speaking (b) the robot had a generic monotone voice (c) there was a generic robot message not personalized for the recipient (d) the message was substantially similar for each call.

18.     During one of the calls made by the Defendant to him, the Plaintiff talked to Ray.

19.     "Ray" identified that he was calling for the Defendant.

20.     He then continued to offer the Defendant's services and provided their Facebook profile:

https://m.facebook.com/profile.php/?id=100068766232593&name=xhp_nt__fb__action__open_user.

21.     That is a profile for the Defendant and the link to the website for the profile identifies the Defendant.

22.    Prior to the filing of this lawsuit, the Plaintiff sent a letter to the Defendant regarding the pre-recorded conduct.

23.    The Defendant did not deny that they made pre-recorded calls to the Plaintiff.

24.    The pre-recorded calls alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff's phone line; and (E) harassed Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

25.    <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of the Class (the "Class") defined as follows:

> **<u>Robocall Class:</u>** All persons within the United States: (1) to whose cellular telephone number (2) Infinity Home (or an agent acting on behalf of Infinity Home) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

26.    Excluded from the Class are counsel, Defendant, any entities in which Defendant had a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

27.    The Class, as defined above, is identifiable through telephone records and telephone number databases.

28.    The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of calls.

29.    Individual joinder of these persons is impracticable.

30.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

31.    Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

32.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

33.    This class action complaint seeks injunctive relief and money damages.

34.    There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.    whether Defendant systematically made pre-recorded calls;

b.    whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35.    Plaintiff's claims are typical of the claims of the Class.

36.    Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

37.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

39.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(3)**
**(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

40.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

41.    The foregoing acts and omissions of the Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

42.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.    If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

44.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by

making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future;

F.    An award to Plaintiff and the Class of damages, as allowed by law; and

G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.    DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

## VII.    SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been

1  obtained from each of its other signatories.

2

3

4          RESPECTFULLY SUBMITTED AND DATED this 26th day of February, 2024.

5                                              */s/ Anthony I. Paronich*
6                                              Anthony I. Paronich
                                               Paronich Law, P.C.
7                                              350 Lincoln Street, Suite 2400
                                               Hingham, MA 02043
8                                              (617) 485-0018
                                               anthony@paronichlaw.com
9                                              *Counsel for Plaintiff*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28